UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence K. Bethea,                    *

      Petitioner,                  *

v.                                    *     Civil Action No. 07-1301(RMC)

                                    *

William Smith, et al.,

      Respondents.                 *

                                    *

PETITIONER'S MOTION IN OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS
PETITIONER'S WRIT OF HABEAS CORPUS

    Comes now the petitioner Terence K. Bethea in the above-captioned cause humbly and respectfully moves this most Honorable Court deny the government's motion to dismiss for the following reason expressed herein:

    1. When petitioner initially filed his writ of habeas corpus William Smith was in fact the Warden at D.C. Jail where petitioner was incarcerated. However, jurisdiction of this most Honorable Court still exists in this case because petitioner is not requesting release, on the contrary, petitioner is simply requesting the Federal Bureau of prisons to give him credit for time spent in a drug treatment facility pursuant to a court order.

    2. The Federal Bureau of Prisons is located within the District of Columbia, not far from this most Honorable Court and thus, this most Honorable Court does in fact have jurisdiction in this case. This is true simply because all this court has to do is interpret petitioner's question to mean that in fact he is entitled to credit for being Court Ordered into a Drug treatment program. Moreover, petitioner has simply requested that this most . . .

RECEIVED
SEP 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

. . .Honorable Court answer a question of law, that deals directly with an interpretation of District of Columbia Code.

3. In <u>Tel-Oren v. Libyan Arab Republic</u>, 233 U.S. App. D.C. 384 (1984), this circuit stated: "In 1875 Congress gave Federal Courts jurisdiction over federal questions." id. at Mar. 3, 1875 ch. 137, § 1, 18 stat. 470. In <u>U.S. v. Guiteau</u>, 1 Mackey 563 (U.S. App. 1882), the court said,"A question was raised as to the jurisdiction of the court." . . ."When any offense . . .begun in one Judicial Circuit and completed in another, it shall be deemed to have been committed in either, and may be delt with, in either district, inquired of, . . .or, determined." Moreover, the United States Constitution, Art. III, Judicial Power, Clause 1, states; "The judicial power shall extend to all cases, between citizens of different states, of the same state, or, citizens or **subjects**. Id. at U.S. Constitution.

Thus, this most Honorable Court does in fact have jurisdiction when simply answering a question of law or interpret a question. In this case this court does have the power to rule and instruct the Federal Bureau of Prisons to apply a certain aspect of D.C. Code to his sentence, or simply state if in fact petitioner is entitled to said credit agaist his sentence pursuant to the laws and regulations of the District of Columbia. Furthermore, the FBOP conducts its business in the District of Columbia. This most Honorable Court does indeed have jurisdiction over any and all federal agencies that conducts its business in the District of Columbia.

This is true by reference to, <u>Meyer v. Federal Bureau of Prisons</u>, 940 F.Supp. 9 (D.D.C. 1996), which stated, "The plaintiff (petitioner) must show that the claim that is the **subject matter of the** defendant's (respondent's, F.B.O.P.) transacting such business in the District of Columbia, and that the Court's excercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. Id. at 12.

The court in Meyer goes further and states, "The District of Columbia's Long-arm statute, D.C. Code Ann. § 13-423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia." Id. at 12.

Thus, the Court's arm extends throughout the United States when dealing with the FBOP.

Furthermore, contrary to the government's opinion as to the proper respondent in this case, petitioner states that when he placed William Smith's name in his caption, he put "et al", so as to include the Federal Bureau of Prisons, which happens to be the proper respondent, not the District of Columbia, not the U.S. Parole Commission as the government suggests.

Moreover, the government in paragraph B in their response appears to attempt to misguide or steer, this most Honorable Court into thinking that petitioner has a parole issue which is simply not true and a waste of an entire page further attempting to cloud petitioner's question with cases that deal specifically with parole issues. However, to be fair to the government they were correct in their assertion that, "pursuant to the revitaliza-. . .

. . ."Act, Congress transferred responsibility for imprisonment of all felons convicted under the D.C. Code from the District of Columbia to the Federal government." Id. at gov. response.

That federal agency being the Federal Bureau of Prisons located "<u>IN</u>" the District of Columbia, and squarely under this most Honorable Court's jurisdiction.

Wherefore, these reasons stated in the aforementioned petitioner requests this most Honorable Court deny the respondent's request that this case be dismissed for lack of jurisdiction and give the government an opportunity to answer the question asked in petitioner's writ or conceed, and allow this most Honorable Court to answer the question without objecting, and anything else this most Honorable Court deems just, fair, and proper.

Respectfully Submitted,

*(signature)*
Terence K. Bethea
Fed.Reg.#09978-007
F.C.I. - Gilmer
P.O.Box - 6000
Glenville, WV 26351

### CERTIFICATE OF SERVICE

I hereby certify and declare under the penalty of perjury that the foregoing Motion in opposition was placed into this institution's mail receptacle on this 20th day of September, 2007, to make service on the U.S. Attorney's Office for the District of Columbia, 555 - 4th St., N.W., Wash., D.C. 20530.

*(signature)*
Terence K. Bethea
Fed. Reg.#09978-007

-4-