UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence K. Bethea,                    *

    Petitioner,                   *

v.                                    * Civil Action No. 07-1301(RMC)

William Smith, et al.,                *

    Respondents.                  *

                                               *

MOTION IN OPPOSITION
TO THE GOVERNMENT'S MOTION TO DISMISS

    Comes now the petitioner, Terence K. Bethea, pro-se hereby deposes and states;

    Petitioner requests this most Honorable Court to deny the government's request to dismiss this case for the following reasons expressed herein;

    1. The government states that Bethea has abused the function of the writ of habeas corpus, to which petitioner strongly disagrees. This is true simply because the Federal Bureau of Prisons has never gotten a full grasp of how to implement (in accordance with D.C. Code) the proper procedures in dealing with "Old Law" or "Good Times Credits Act " sentences.

    Petitioner has every right to seek redress of his grievances through the Courts simply because the Federal Bureau of Prisons is of its own opinion that it is above the law when dealing with D.C code inmates, Especially petitioner. Petitioner's past "litigation" has nothing what so ever to do with the question presented to this most Honorable Court.

-1-

RECEIVED
OCT 9 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2. There are three issues that can be considered as having relavance to this case, One, the issue of "exhaustion of administrative remedies." Two, the declaration of Augustus Faller, and Three, the question asked in petitioner's initial writ which is the most significant of all.

### PETITIONER DID EXHAUST HIS ADMINISTRATIVE REMEDIES

When petitioner initially filed his writ of habeas corpus he was infact housed at D.C. Jail, which has (albeit broken) an administrative remedy process. It is however where petitioner filed his administrative remedies. In fact petitioner filed several "IGP's" related to his issue before this most Honorable Court. (I.G.P. is an abreviation to Inmate Greivance Procedure)

Since he is a D.C. Department of Corrections prisoner he sought redress of his greivance with the D.C. authorities. It is not his fault the D.C. Systems inmate greivance system does not work. (see <u>Artis-Bey v. District of Columbia</u>, 884 A.2d 626 (D.C. App. 2004).

Thus, the government's assertion is totally erroneous with respect to the exhaustion argument.

### THE DECLARATION OF AUGUSTUS FALLER IS A FRAUD ON THE COURT

Mr. Augustus Faller has committed purjury and his declaration should be sent to the U.S. Attorney's Office for the District of Columbia for prosecution. However, for the purposes of this case Mr. Faller's declaration should simply be stricken from the record.

This is true simply because starting a line 5 of Faller's declaration he "knowingly and Fraudulently" states, petitioner "escaped from pre-trial custody". Id. at Declaration of 9/25/07.

Moreover, Mr. Faller "Knowingly and Fraudulently" states, on "July 15, 1993", petitioner, "was apprehended for escape", and "March 23, 1994" . . ."he (petitioner) . . .was released from the D.C. Jail to enter drug treatment." Id at Declaration of 9/25/07.

Mr. Faller also "Knowingly and Fraudulently" states, "May 11, 1995, . . ."petitioner was returned to custody." Id. at Declaration of 9/25/07.

The reason why Mr.Faller's Declaration cannot stand is simply because Mr. Faller filed a Declaration in Bethea v. US.P.C., 56 Fed. Appx. 514 (D.C. Cir. 2003). In the aforementioned case it was clearly established that Petitioner did not have an escape arrest charge or conviction. Id. at 515 attached as exhibit #1.

Mr. Faller and the government conveniently forgot to inform this most Honorable Court of this most relavent fact.

There is nothing in the record that states Mr. faller's assertions as even remotely true. Bethea is however in the process of filing a law suit for a unspecified amount of money because the Federal Bureau of prisons as well as Mr. Faller has "knowingly and Fraudulently" made false statements to this court which is a Felony. In United States v. Naegele, April 18, 2007, U.S. District Court, LEXIS: 28272, the Honorable Paul Friedman held; "18 U.S.C. § 152(3) "criminalizes knowingly and fraudulently mak[ing] a false declaration . . .under the penalty of perjury as permitted under ....

. . ."the penalty of perjury as permitted under section 1746 of Title 28." Id. Mr. faller "knowingly and Fraudulently" made specific material false statements under the guise of a declaration(s)".

The court records will reflect that petitioner was released on "work release", on July 9, 1993, and on July 15, 1993, the court stepped petitioner back for "dirty urines" and "non-compliance" with the work release order. Petitioner never escaped from anywhere.

To state that petitioner was apprehended is a out right lie, simply because petitioner walked into the court on his own accord.

Moreover, petitioner was not "released from D.C. Jail as if to state he walked out on his own accord. In fact petitioner was being held on a detention Order by the Honorable Linda Turner Hamilton until he was taken in hand cuffs to a half-way house where he was picked up by the staff at Second Genesis drug treatment program.

Mr. Faller does not recognize the fact that all his assertions can be disproved simply by reviewing the courts record. Common reasoning would disprove Mr. Faller's assertions simply beacuse petitioner was sentenced to the Drug treatment program on January 26, 1994, but petitioner was not taken there until March 23, 1994, thus, the only way petitioner could have been held in custody was under a detention order issued by the court.

In any event petitioner does not, did not, has not, at anytime, been accused of, charged, arrested, admitted to, or has been found guilty of an escape.

Furthermore, pursuant to the Custody Classification Security and Designation Manual of which Mr. Faller lays claim to be the "Operations Manager" of, he knows that pursuant to the Manual's regulations under P5100.08, 9/12/06, Ch. 4, pg.#11, it clearly states in **MANDATORY LANGUAGE**, that in order to label a prisoner as an escapee, "There must be a finding of guilt." Id. See attached exhibit.

The Federal rules of Criminal procedure 1(a), in order to file criminal charges, a complaint must be made in writing stating the essential facts constituting the offense charged under oath before a magistrate judge. Fed. R. Crim. P. 3. If a magistrate is not available, the complaint may be made before a state or local judicial officer. Id.

Mr. Faller has knowingly and fraudulently made a false declaration and it should not go unpunished. This Circuit had the FBOP, and the USPC before the court in 2003, and it was not pretty. Mr. Faller, never even makes mention of the fact that the same records office he is in charge of, has purposely added 1 and 1 half years on to petitioner's sentence giving him a ten and a half years eventhough the court imposed a sentence of 9 years. Petitioner has written Grand Prairie, Texas, on several occasions but they do not feel the need to respond or simply correct petitioner's sentence. Retaliation? of course it is, and this court must impose sanctions on the FBOP. The USPC corrected the errors it made in the issuance of the warrants. Simple subtraction dictates that petitioner's sentence is a couple of months to expiration, Petitioner begs this court to Order the FBOP to comply with the law and Order his sentence be at least looked at.

## THE GOVERNMENT IS ONCE AGAIN DEDEMONIZING PETITIONER TO CAST HIM AS A VIOLENT PERSON

The government is once again portraing petitioner as a very violent person when it states on page four of their response that 'the commission added a further charge of breaking and entering, burglary, robbery, and assault." However, what the government so elequently forgot to mention was the fact that the government had their so called witness present at the revocation hearing and the alleged witness/victim denied petitioner as the assailant envolved. In fact the witness/victim stated she had come to court and told the court the same thing, that petitioner was not the culprit. The witness/victim even presented an affidavit exonerating petitioner and stating for the record the police, not her, filed charges against petitioner, even though the witness/victim told the police the culprit was her ex-boyfriend, and not petitioner. The government conveniently forgot to mention these gacts. Id. at Ex.B-14.

## PETITIONER IS ENTILTED TO CREDIT WHILE IN CUSTODY UNDER A COURT ORDER

The government relies on Franklin v. Ridley, 635 A.2d 356, (D.C. App. 1993), and Lyons v. CCA/CTF, as well as, Ali v. D.C., 612 A.2d 228 (D.C. App. 1992). With the exception of Lyons, the cases relied on by the government were pre-Shelton, and pre-Reno v. Koray, 515 U.S. 50 (1995), cases.

The court however in Shelton v. U.S., 721 A.2d 603 (D.C. App. 1998), seems to change its view, so to speak, in light of Reno v. Koray, when it declined to "address whether . .our. . .holding here would be otherwise if the conditions of confinement were less.". . .

-6-

. . . stringent." Id. at 609.

With that said, the same court then states albeit in footnotes that;

> "We do not think that too much be made of the fact that shelton proposed commitment under the SPA, any more than any other situation where a person might seek a lesser degree or a particular type of confinement permitted under the law. The issue is whether or not the proposed confinement qualifies for credit against the sentence, and both the Good Times Credit Act and the SPA suggest that the relevant considerations are objective in nature where a "court order" is invovled. Id. at 611.

Thus, it is clear that the D.C. Court of Appeals is of the opinion that a person under a "court order" should get credit for time spent in a drug program or treatment.

Moreover, in Williams v. United States, 832 A.2d 158 (D.C. App. 2003), the District of Columbia Court of appeals held; "probation is tolled or suspended when the defendant in jail rather than under actual probationary supervision." See Payne v. United States, 792 A.2d 237, 240 (D.C. App. 2001), (for purposes of calculating length of probationary term, probation is tolled while defendant serves weekends in jail); Belcher v. United States, 572 A.2d 453, 454 (D.C. App. 1990). The court in Williams, goes further states; "Even if appellant was under probationary supervision during weekdays, his status changed on weekends when he was remanded to the custody of the Attorney General for incarceration by virtue of the sentencing "order". Id. Thus, the petitioner should be given credit simply because he was not formally under "actual probationary supervision", and because he was formally under a "court order", and commited to treatment.

-7-

Wherefore these reasons stated in the aforementioned petitioner prays this most Honorable Court to compel the Federal Bureau of Prisons to grant him credit of 11 months that he spent pursuant to a court order in a drug treatment facilty, and order the FBOP to calculate his sentence to reflect a sentence of 9 years and not $10\frac{1}{2}$ years as it has done. Petitioner also requests this case to be reviewed expeditiously pursuant to his motion to expedite for obvious reasons, and any thing else this most Honorable Court deems just, fair, and proper.

Respectfully Submitted,

Terence K. Bethea
Fed.Reg.#09978-007
F.C.I. -Gilmer
P.O.Box - 6000
Glenville, WV 26351

CERTIFICATE OF SERVICE

I hereby certify and declare under the penalty of perjury that the foregoing motion in opposition was placed into this institution's mail receptacle on this 3rd day of October, 2007, to make service on The U.S. Attorney's Office for the District of Columbia, 555 - 4th Street, N.W., Washington, D.C. 20530.

Terence K. Bethea

**EXHIBITS**

Terrence Kevin BETHEA Appellant,

v.

UNITED STATES PAROLE COMMISSION and Federal Bureau of Prisons, Appellees.

No. 01-5396.

United States Court of Appeals, District of Columbia Circuit.

March 3, 2003.

Appeal from the United States District Court for the District of Columbia. (No. 01cv00824).

*This case was not selected for publication in the Federal Reporter*



Before EDWARDS and ROGERS, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed June 19, 2002, be affirmed. The court correctly held that appellant's complaints do not satisfy Fed. R.Civ.P. 8(a).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. It is hereby

**ORDERED AND ADJUDGED** that the district court's memorandum opinion and judgment filed October 24, 2001 be affirmed for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Terrence Kevin Bethea appeals the dismissal under Fed.R.Civ.P. 12(b)(1) & (6) of his complaint against the Bureau of Prisons for money damages under the Privacy Act, 5 U.S.C. § 552a (2000).

### I.

By Order of May 8, 2002, the court affirmed the grant of summary judgment to the United States Parole Commission and directed the parties to address whether Bethea, as a federal prisoner, was required to succeed in a habeas proceeding prior to filing his Privacy Act claim. The parties agree that the habeas issue is moot inasmuch as Bethea is no longer in federal custody and the court could render no effective relief in a habeas proceeding. *Cf. Spencer v. Kemna*, 523 U.S. 1, 7–8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Hence, we do not address whether a Privacy Act

claim involving a D.C. prisoner transferred into federal custody must proceed initially in a habeas writ.

### II.

Bethea alleged in his complaint that the Bureau relied on incomplete and inaccurate records to determine his security designation and as a result he was not placed in a minimum security facility or a halfway house. Specifically, he alleged that the Bureau failed to investigate sexual assault charges reflected in a police report as well as an escape charge, all of which were never prosecuted. He also alleged that he was given a higher security classification because the Bureau considers all former D.C. prisoners to be dangerous.

The Bureau maintains, however, that before filing his Privacy Act claim Bethea was required to exhaust his remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(2000) ("PLRA"), *see Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C.Cir.2001), and that having failed to do so his claim is barred, notwithstanding his release from federal custody. Inasmuch as the PLRA's exhaustion requirement is not a jurisdictional bar, *see Ali v. District of Columbia*, 278 F.3d 1, 5–6 (D.C.Cir. 2002), we need not decide whether, in light of Bethea's release from custody, PLRA's exhaustion requirement still applies. *See* 42 U.S.C. § 1997e(a) & (h); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir.1999). Assuming Bethea was required to exhaust, the Bureau acknowledges that he now has exhausted his administrative remedies and Amicus Curiae states that if this court dismisses the complaint, Bethea could refile his Privacy Act claim in an amended complaint. Amicus Curiae Reply Br. at 17. Therefore, treating Bethea's complaint as amended to reflect exhaustion, *see Commercial Union Insurance Co. v. United States*, 999 F.2d 581, 586 (D.C.Cir. 1993); *Wolfe v. Marsh*, 846 F.2d 782, 785 n. 4 (D.C.Cir.1988); *see also Communications Workers of America v. American Telephone & Telegraph Co*, 40 F.3d 426, 432 (D.C.Cir.1994), the question is whether Bethea stated a claim under the Privacy Act. *See Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C.Cir.2002); *Deters v. United States Parole Comm'n*, 85 F.3d 655, 657 (D.C.Cir.1996).

On the merits, the Privacy Act claim fails because Bethea did not set out a sufficient factual basis to show that the Bureau's conduct was "willful" within the meaning of the statute. *See Deters*, 85 F.3d at 657. Anticipating possible reliance on materials beyond the pleadings ruling on the Bureau's motion to dismiss, which attached an affidavit and various documents, the district court advised the parties that the motion would be treated as a motion for summary judgment. Amicus Appendix 248; *see also Fox v. Strickland*, 837 F.2d 507, 509 (D.C.Cir. 1988); *Richardson v. Rivers*, 335 F.2d 996, 998 (D.C.Cir.1964). By Order of August 2, 2001, the district court, as required by *Neal v. Kelly*, 963 F.2d 453, 456–57 (D.C.Cir.1992), advised Bethea, who was proceeding *pro se*, of the requirements under Fed.R.Civ.P. 56, including that he could not rely on the allegations in the complaint in opposing the motion to dismiss. *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–26, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1082 (D.C.Cir.1988). In the memorandum accompanying its motion to dismiss, the Bureau maintained that Bethea could show neither that records allegedly missing from the Bureau's

```
                    Case number: F-5296-93(D)
                    Sentenced to 3 to 9 years


9 years = 3,295 days


9 years or 3,295 days
           - 323 days of Jail Credit
           2,972 days owed on sentence
           - 591 From 6-6-95 to 1-8-97 (paroled) (EGT included)
           2,381 days owed on sentence
           1,515 from 9-28-98 to 11-22-02 (mandatory release)
             864 days owed on sentence
            -320 from 9-30-04 to 7-17-05 (reparoled)
             544 days owed on sentence
        *   - 38 Education good time credits
             506 days owed on sentence
                 I have been in custody since 3-21-07
```

Pursuant to 28 C.F.R. § 523.32(e), Once appropriately awarded, DCEGT vests, and cannot be forfeited. Id.

```
GIL00   540*23 *              SENTENCE MONITORING              *    08-08-2007
PAGE 002 OF 002 *              COMPUTATION DATA                *    15:05:44
                               AS OF 08-08-2007
```

REGNO..: 09978-007 NAME: BETHEA, TERRENCE K

------------------------CURRENT COMPUTATION NO: 030 --------------------------

COMPUTATION 030 WAS LAST UPDATED ON 07-12-2007 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

```
DATE COMPUTATION BEGAN..........: 05-14-2007
TOTAL TERM IN EFFECT............:    853 DAYS
TOTAL TERM IN EFFECT CONVERTED..:      2 YEARS      3 MONTHS      30 DAYS
EARLIEST DATE OF OFFENSE........: 05-25-1993

JAIL CREDIT.....................:      FROM DATE       THRU DATE
                                        05-09-2007     05-13-2007

TOTAL JAIL CREDIT TIME..........: 5
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 6
TOTAL SGT POSSIBLE..............: 168
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 03-23-2009
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 09-07-2009

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 03-23-2009
PROJECTED SATISFACTION METHOD...: MAND PAR


G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

      Case number: F-5296-93(D)
      Sentenced to 3 to 9 years

9 years = 3,295 days

9 years or 3,295 days
   - 323 days of Jail Credit
   2,972 days owed on sentence
   - 591 From 6-6-95 to 1-8-97 (paroled) (EGT included)
   2,381 days owed on sentence
   1,515 from 9-28-98 to 11-22-02 (mandatory release)
    864 days owed on sentence
   --320 from 9-30-04 to 7-17-05 (reparoled)
    544 days owed on sentence
 * - 38 Education good time credits
    506 days owed on sentence
    I have been in custody since 3-21-07

Pursuant to 28 C.F.R. § 523.32(e), Once appropriately awarded, DCEGT vests, and cannot be forfeited. Id.

behavior should not to be scored under the Escape History item, even if clearly documented, but should be considered on a case-by-case basis under the Management Variable "Greater Security." Failure to Appear or Flight to Avoid Prosecution for any offense however, must be counted when there is a documented finding of guilt.

In determining time frames, use the date of the documented occurrence. Documented information from a juvenile, YCA, or DCYRA adjudication can be used unless the record has been expunged or vacated.

Minor History of Escape - An escape from an open institution or program (e.g., minimum security facility, CCC, furlough) not involving any actual or threat of violence. Also includes military AWOL, Bail Reform Act, Flight to Avoid Prosecution, and Absconding from Community Supervision. There must be a finding of guilt except as previously noted.

Serious History of Escape - An escape from secure custody with or without threat of violence. Also includes escapes from an open facility or program with actual threat of violence. There must be a finding of guilt. S = 3 points and requires application of PSF L.

11. **TYPE OF DETAINER**

| 11. TYPE OF DETAINER | 0 = NONE<br>1 = LOWEST/LOW MODERATE | 3 = MODERATE<br>5 = HIGH | 7 = GREATEST | |
|---|---|---|---|---|

Enter the appropriate number of points that reflect detainer status. Refer to the Offense Severity Scale, Appendix A. Determination is based on the offense of the most serious detainer.

- If there is a pending charge, points based on the documented behavior are assigned on the "Type of Detainer" item. If the pending charges or detainer involve a probation violation, use the most severe documented behavior in the original offense as the basis for assigning points in scoring the detainer.

    If law enforcement officials indicate a firm intent to lodge a detainer, consider it lodged. Score a concurrent state sentence as a detainer only if it is expected that the state sentence will exceed the federal sentence. However, score consecutive state sentences, lodged state detainers, and/or state parole violation terms/warrants as detainers.

## DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

| Date Prepared (Mo., Da., Yr.) |
|---|
| 7-13-95 |

| DCDC Number | Name (Last, First, Middle) | Race | Sex |
|---|---|---|---|
| 259-905 | BETHEA, TERRANCE | BLACK | MALE |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| 5'11" | 198 | MED | BROWN | BLACK | 34 | ████ 60 | WASHINGTON, D.C. |

TOTAL SENTENCE: 3/9 YEARS LESS 323 DAYS JAIL CREDIT

| | | | |
|---|---|---|---|
| Offense | ATT POSSESSION W/INTENT TO DIST COCAINE | | |
| Case Number | F5296-93(D) | | |
| Sentence (Yrs., Mos., Days) | 3/9 YEARS | | |
| Warrant Executed / Sentence begins (Mo., Da., Yr.) | 6-6-95 | | |
| Full Term Date (Mo., Da., Yr.) | 7-18-2003 | | |
| Short Term / M.R. Date (Mo., Da., Yr.) | ~~3-6-01~~ | 3-3-01 ) SGT | |
| Parole Eligibility Date (Mo., Da., Yr.) | ~~11-7-96~~ | ~~11-4-96~~ | / 9-11-96 EPAC |
| Max. Supervision Date (Mo., Da., Yr.) | N/A | | |
| Statutory Good Time Rate / Month | 864/252 DAYS | | |
| Plea | GUILTY | | |
| Committing Judge | CHRISTIAN | | |
| Defense Attorney | | | |
| Initialed By | SES | | |

### DETAINERS

| Date Filed | For | Action |
|---|---|---|

### CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| 11-30-93 | 3 d/p | ETAP | | |

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| 5-26-93 | 7-9-93 = 45 DAYS |
| 7-15-93 | 3-23-94 = 252 DAYS |
| 5-11-95 | 6-5-95 = 26 DAYS |
| | TOTAL = 323 DAYS |

### REMARKS

NO VVCC ASSESSED

Parole date reduced 5/?/?

EXHIBIT

YELLOW COPY TO ADR

```
 GIL00  542*22 *         SENTENCE MONITORING           *   08-08-2007
 PAGE 001 OF 001 *          GOOD TIME DATA             *   15:05:51
                         AS OF  08-08-2007

REGNO...: 09978-007    NAME: BETHEA, TERRENCE K
ARS 1...: GIL A-DES
COMPUTATION NUMBER..: 030                FUNC..: PRT    ACT DT:
LAST UPDATED:  DATE.: 07-12-2007         FACL..: DSC       CALC: AUTOMATIC
UNIT................: A                  QUARTERS.............: A04-112U
DATE COMP BEGINS....: 05-14-2007         COMP STATUS..........: COMPLETE
TOTAL JAIL CREDIT...: 5                  TOTAL INOP TIME......: 0
STATUTORY REL DT....: 03-23-2009 MON     EXPIRES FULL TERM DT: 09-07-2009
CURRENT REL DT......: 03-23-2009 MON
PROJ SATISFACT DT...: 03-23-2009 MON     PROJ SATISF METHOD..: MAND PAR
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
FINAL STAT GOOD TIME:                    FINAL EXTR GOOD TIME:
DAYS REMAINING......:                    FINAL PUBLC LAW DAYS:

------------------------EXTRA GOOD TIME EARNINGS-------------------------------

    INST       TYPE         DATE IN         DATE OUT          PRI/SEN IND
                              NONE

     EGT EARNED.....................................:          0 DAYS
BREAK OVER DATE.....................................:

-----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS-----------------
                     NONE

-----------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS-------------------
                     NONE
                                                         -------------
     TOTAL EGT......................................:          0 DAYS

---------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS---------
    INFRACTION      DECISION       ACTION      AMOUNT     INFR SEVERITY   FREQ
    DATE     NO     DATE           TYPE                   /RSN FOR ADJ
    NONE

     NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:          0 DAYS




G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```