UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence K. Bethea,          *

    Petitioner,          *

v.                          *   Civil Action No. 07-1301(RMC)

William Smith, et al.,      *

    Respondents.         *

                         *

**RECEIVED**

NOV 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION TO COMPEL
AN OFFICER OF THE UNITED STATES
TO PERFORM HIS DUTY

    Comes now the petitioner in the above-captioned cause, humbly and respectfully moves this most Honorable Court to issue an order compelling the respondents to release petitioner **"forthwith"** for the following reasons expressed herein;

JURISDICTION

    Jurisdiction in this case is by virtue of 28 U.S.C. § 1361, whichstates in pertinent part;

> The district courts shall **1/** have original jurisdiction of any action in the nature of mandamus to compel an . . .employee of the United States or agency thereof to perform a duty owed to the plaintiff. Id.

STATEMENT OF FACTS

    On November 22, 2002, petitioner was mandatory released with a total of "499" days **1/** left to be served towards service of his sentence. Subsequently, petitioner went to court stating that his sentence had expired, based on the fact that the "499" day period had been reached and thus, his sentence had expired.

---

1/ petitioner's Mandatory parole certificate stated that petitioner had "499" days left until his sentence expired.(see att. Ex #1)

-1-

On or around December of 2005, the Honorable District Court Judge, Ricardo Urbina, Case Number 04-CV-02269, ruled that the government had made a mistake in putting "499" on petitioner's Mandatory Parole Certificate. The Court ruled that petitioner owed approximately "864" days towards servcie of his sentence.

On September 20, 2004, the United States Parole Commission, (USPC) stated on its warrant application that petitioner owed "864" "remaining to be served" towards service of petitioner's sentence. (See attached as Ex.# 2)

On March 2, 2005, a revocation hearing was held by the USPC, which determined that petitioner had violated the conditions of his parole. On March 21, 2005, the USPC Ordered that petitioner be "re-parole[d] effective August 17, 2005 after service of 10 months." Id. at Notice of Action dated 3/21/05, attache as Ex.#3)

However, petitioner appealed the decision based on another miscalulation by the agencies envolved, and on July 18, 2005, the USPC issued a new Notice of Action (NOA) with a new date of "July 29, 2005, after service of 10 months." Id. at NOA attached as Ex.# 4.

On July 29, 2005, petitioner received and signed his Certificate of Parole. However, his case manager, Mark Potora, placed "853" days remaining to be served," on petitioner's Certificate of Parole. See attached as Ex# 5.

Petitioner's sentence has expired simply because when he was released on November 22, 2002, with "864" days left remaining towards servcie of his sentence. From September 20, 2004 to July 29, 2005, petitioner served 310 days or a "10 month" set-off. Thus, petitioner only owed 563 days totwards service of his sentence.

Thus, petitioner's sentence has expired. This is true simply because when the U.S.P.C. issued the warrant on February 28, 2007, "579" days had accrued. Therefore, when you take "579" and subtract "563" from it, your total comes to 16 days past expiration of petitioner's sentence. (See attached illustration marked as Ex. #6 )

Thus, February 12, 2007, was expiration of petitioner's sentence. See according to 28 C.F.R. § 2.98(e)

## CONCLUSION

The USPC and the FBOP, have fudged the numbers in petitioner's case and simply will not admit when they are wrong. When it comes to simple addition and subtraction, the agencies all of a sudden forget how to do math. Or do they? Petitioner has had to fight in court for credit for time in custody throughout his nine year sentence. The aforementioned agencies, have been deliberate and indifferent towards petitioner's problems with his sentence computations and this most Honorable Court should send a message that it is not going to sit idel and let this injustice continue.

## PRAYER

Wherefore these reasons stated in the aforementioned petitioner prays this most Honorable Court issue an Order that he be released "forthwith" and anything else this most Honorable Court deems just, fair, and proper.

Respectfully Submitted,

Terence K. Bethea
Fed.Reg.#09978-007
F.C.I. - Gilmer
P.O.Box-6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

   I hereby certify and declare that a true and accurate copy of the foregoing motion to compel was placed into this intitution's mail receptacle on this 27th day of November, 2007, to make service on the U.S. Attorney's Office for the Northern District of West Virginia, P.O.Box-591, Wheeling, WV 26003.

*Terence K. Bethea*
Terence K. Bethea
Fed.Reg.#09978-007
F.C.I. - Gilmer
P.O.Box-6000
Glenville, WV 26351

DC_PAROL.WPD     CERTIFICATE OF MANDATORY PAROLE OR MANDATORY RELEASE

U.S. Department of Justice
United States Parole Commission

SEP 16 2004

U.S. PAROLE COMMISSION

CERTIFICATE OF MANDATORY PAROLE OR MANDATORY RELEASE
District of Columbia Code Offender

It is certified that Terrence K. Bethea, Register No. 09978-007, (DCDC No. 259385), now confined in FCI Allenwood, Pennsylvania is entitled to good time deductions from the maximum term of sentence imposed as provided by law, and is hereby released from this institution under this sentence on November 22, 2002. This inmate was released by the undersigned according to Title 24 of the District of Columbia Code, Chapter 4, Subchapter I and implementing regulations. Upon release, the above-named person is to remain under the jurisdiction of the United States Parole Commission, as if on parole, under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until and including:

X   (If Offense Committed On Or After April 11, 1987] April 4, 2005                       .
        (release is via Mandatory Parole)             (full term date)

[or]

☐   [If Offense Committed Before April 11, 1987]                                          .
        (release is via Mandatory Release)           (full term date minus 180 days)

Said prisoner is to reside within the District of Columbia and to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia) until and including the date the United States Parole Commission's jurisdiction terminates, as described above. The inmate is to report for supervision to [the District of Columbia, Court Services and Offenders Supervision Agency (CSOSA), Parole Supervision Services Division, 300 Indiana Avenue, N.W., Suite 2134, Washington, D.C. 20001] or [specify].

Acknowledgment of Release Conditions:
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any of these conditions, I may be recommitted.

Consent to the Disclosure of Drug/Alcohol Treatment Information:
By signing this certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcohol treatment program in which I am, or will be participating, and the Parole Supervision Services Division. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of supervision.

| Inmate Signature            | Register No. |
|-----------------------------|--------------|
| Terrance K. Bethea          | 09978-007    |
| Witnessed: Name and Title   | Date         |
| George Chamberlin, Case Manager | |

The above-named person was released on the 22 day of November, 2002 with a total of 499 days remaining to be served to his full term date or 180 day date as indicated above.

EXHIBIT 1

S.A. Yates, Warden

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Bethea, Terrence, Reg. No. 09978-007, DCDC No. 259-385, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 9 years (Original); 2,381 days (Parole Violator Term) for the crime of Attempted Distribution of Cocaine and was on November 22, 2002 released on mandatory release with good time credits from Allenwood FCI-Med with 864 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on September 20, 2004

_____
U.S. Parole Commissioner

EXHIBIT 2

Bethea, Terrence
Reg. No. 09978-007    DCDC No. 259-385

U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

Notice of Action

---

Name: BETHEA, Terrence  
Register Number: 09978-007  
DCDC No: 259-385

Institution: D.C.- C.T.F.

Date:   March 21, 2005

---

As a result of the hearing conducted on March 2, 2005, the following action was ordered:

### D.C. Local Revocation

Revoke mandatory release. None of the time spent on mandatory release shall be credited. Re-parole effective August 17, 2005 after the service of 10 months.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Failure to Submit to Drug Testing.

Basis: Your admission to the examiner and the supporting documentation.

Charge No. 2 - Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner, the testimony provided by CSO Dean at the hearing and supporting documentation.

Charge No. 3 - Law Violation: (b) Failure to Appear.

Basis: Your conviction in the D.C. Superior Court on 10-18-2004.

---

BETHEA 09978-007                                              -1-                                       Clerk   MDD  
Queued: 03-21-2005 11:44:16 BOP-D.C.-Correctional Treatment Facility | USM-District of Columbia - District Court, D.C.  
District Court | FPD-District of Columbia, District of Columbia - DC |

EXHIBIT 3

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>5550 Friendship Boulevard<br>Chevy Chase, Maryland 20815-7201 | Notice of Action on Appeal |

| | |
|---|---|
| Name: Bethea, Terrence | Institution: Allenwood FCI-Med |
| Register Number: 09978-007 | Date: July 18, 2005 |

The National Appeals Board examined the appeal of the above named and ordered the following:

Correct effective reparole date in previous decision. Reparole effective July 29, 2005, after service of 10 months.

REASONS:

The National Appeals Board has corrected the calculation error in your previous Notice of Action.

All decisions by the National Appeals Board on appeal are final.

Cc:

EXHIBIT
4

U.S. Department of Justice
United States Parole Commission

CERTIFICATE OF PAROLE
District of Columbia Offender

Having determined that (1) Bethea, Terrence, Register No. 09978-007, (DCDC No. 259-385) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on July 29, 2005 and remain under parole supervision through November 29, 2007. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on July 20, 2005.

UNITED STATES PAROLE COMMISSION

By: C. Bradford, Correspondence Specialist

Docket/Case Number: F-5295-93
Initial Risk Category: 4EB

Acknowledgement of Release Conditions

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and I know that if I violate any of those conditions, I may be sent back to prison.

Consent to the Disclosure of Drug/Alcohol Treatment Information

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____Terrence K. Bethea_____           ___259-385_____
         Name                                 DCDC No.

Witnessed: ___Mark Potora, Case Manager___    ___July 27, 2005___
            Name and Title                        Date

The above-named inmate was released on the __29__ day of __July__, 20_05_ with a total of __853__ days remaining to be served.

                                              ___Troy Williamson, Warden___
                                              Official Certifying Release

Queued: 07-26-2005 12:39:15 BOP-Allenwood FCI-Low |

EXHIBIT
5

# WARRANT
## D.C. Code Offender

U.S. Department of Justice
United States Parole Commission

---

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Bethea, Terrence, Reg. No. 09978-007, DCDC No. 259-385, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 9 years (Original); 1,067 days (Parole Violator Term) for the crime of Attempted Possession With Intent to Distribute Cocaine and was on July 29, 2005 released on parole from Allenwood FCI-Med with 853 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 28, 2007

_____
U.S. Parole Commissioner

---

Bethea, Terrence
Reg. No. 09978-007    DCDC No. 259-385

5-A

Petitioner's sentence has expired

```
July 29, 2005  to  July 29, 2006    = 365  days
July 29, 2006  to  *Feb. 28, 2007   =+214  days
                   (issuance of       579  days
                   parole warrant)
```

On November 22, 2002, I was mandatory released from F.C.I.-Allenwood. When I was released I owed approximately **"864"** days towards service of my sentence.

From September 20, 2004 to July 29, 2005 I served a set-off of approximately 10 months. or 310 days.

```
November 22, 2002  I owed 864 days
9-20-04 to 7-29-05  =   -300 days
(parole set-off)         563 days owed towards service of sentence.
```

```
            579
           -563
             16 days past expiration of sentence.
```

February 12, 2007, was my date of expiration of my sentence.

**28 C.F.R. § 2.98(e), Warrant for retaking of Parolee.**

(e) The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C. Code § 24-406(a).

EXHIBIT

6.